STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1435

AMANDA JEANNINE STEPHENS MERRIMAN

VERSUS

TIMOTHY L. MERRIMAN

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 64,687-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Michael G. Sullivan, Billy H. Ezell, and James T. Genovese, Judges.

AFFIRMED.

John K. "Mike" Anderson
101 South 1ˢᵗ Street
Leesville, Louisiana 71446
(337) 239-9076
COUNSEL FOR PLAINTIFF/APPELLANT:
    Amanda Jeannine Stephens Merriman

**James S. Seaman**
**714 Third Street**
**Natchitoches, Louisiana 71457**
**(318) 352-4449**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Timothy L. Merriman**

**James S. Seaman**
**714 Third Street**
**Natchitoches, Louisiana 71457**
**(318) 352-4449**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Timothy L. Merriman**

**GENOVESE, Judge.**

In this child custody case, the mother, Amanda Jeannine Stephens Merriman (Amanda), appeals the trial court's judgment designating the father, Timothy L. Merriman (Timothy), as the primary custodial parent of their minor child, Timothy Skyler Merriman (Skyler). For the following reasons, we affirm.

## FACTS

Timothy L. Merriman and Amanda Jeannine Stephens were married on June 11, 1998. Of their marriage, one child, Skyler, was born October 20, 1998. On January 14, 2000, Amanda filed a petition for divorce and incidental matters including child custody. On March 7, 2000, the parties entered into a stipulated judgment awarding the parties joint custody of Skyler, with Amanda being designated the primary custodial parent, subject to specified visitation in favor of Timothy. The legal history of the parties is voluminous, significant, and pertinent to our review of this matter.

The parties were granted a judgment of divorce in open court on September 8, 2000, and a written judgment was signed by the trial court on October 4, 2000. The matters incidental to the divorce were set for hearing on January 5, 2001. On January 4, 2001, Timothy filed a rule for contempt and change of custody which was also set for hearing on January 5, 2001. Timothy alleged that Amanda was in violation of the first judgment of March 7, 2000, by refusing to allow him any visitation whatsoever. Following the reciprocal rules, the parties again entered into a stipulated judgment which was signed by the trial court on February 15, 2001, wherein Amanda was again designated the primary custodial parent, subject to specific visitation rights in favor of Timothy.

On April 18, 2002, Amanda filed a petition for restricted visitation. The order

1

signed by the trial court suspended Timothy's visitation pending further orders of the court and set the matter for hearing on May 7, 2002. Amanda filed a motion to continue the May 7, 2002 hearing date, which was granted, and the matter was reset for hearing on June 27, 2002. Following another continuance, the matter was heard on July 29, 2002, at which time the trial court entered an interim order granting Timothy specified visitation with the minor child and resetting the matter for trial again on September 10, 2002. This trial fixing was eventually upset without the issuance of a new trial date.

On April 29, 2003, Timothy filed a motion to reset the pending matters, and the court set a hearing date of June 17, 2003. That hearing date was also continued, but the trial court issued an interim order granting Timothy specified visitation. A formal judgment was signed by the trial court on July 2, 2003 granting Amanda primary custodial status and awarding Timothy specified visitation.

The record reveals that Timothy filed three rules for contempt during the history of these proceedings. In addition to the rule for contempt along with a rule for change of custody filed on January 4, 2001, Timothy filed a rule for contempt on July 16, 2003, based upon Amanda's refusal to make the minor child available for visitation. When the rule for contempt came before the trial court on October 9, 2003, another continuance was granted; however, the court modified the interim order and granted interim temporary custody to Timothy and reasonable visitation to Amanda until the next court date.

Timothy's motion for change of custody and for contempt was heard by the trial court on January 8, 2004. The minutes of the court reflect that on this date the trial court found Amanda in contempt of court, awarded joint custody of Skyler to both parties, and maintained Amanda as the domiciliary parent. A judgment on rule

2

was signed by the court January 10, 2005, which included a joint custody plan setting forth reasonable visitation privileges in favor of Timothy.

On August 27, 2004, Timothy filed another rule for contempt and motion for modification of custody. This motion again alleged that Amanda failed to make the child available for visitation according to the previous court-ordered visitation schedule. Additionally, Timothy alleged that following the hearing of January 8, 2004, and despite revisions made at her request, Amanda failed to sign the joint custody plan outlining the orders of the court. Timothy also asserted therein that the best interest of the child would be served by the trial court awarding him sole custody based upon Amanda's "inability, or refusal, to provide a stable home environment for the minor child, and based on her flagrant disregard for [the] Court's order." Timothy also alleged that there had been "a material change in circumstances since the January 8, 2004 decision, and . . . that it [was] likely the current custodial situation [would] be harmful to the child if it [was] not changed."

Following two continuances of the original hearing date, on March 15, 2005, the rule for contempt and the motion for modification of custody filed by Timothy were heard by the trial court. The trial court again found Amanda to be in contempt of court for failing to bring the minor child for court-ordered visitation. Additionally, the trial court found sufficient evidence to warrant the modification of the previous custodial award, and named Timothy as the primary custodial parent of Skyler, subject to reasonable visitation privileges in favor of Amanda as outlined in the joint custody plan. The trial court signed a written judgment on rule on July 25, 2005. It is from this judgment that Amanda appeals.

## ISSUES

The following issues are presented by Amanda for our review:

3

1.  Whether the trial court failed to properly apply the standard required of a considered custody decree and abused its discretion in changing the primary custodial status of the minor child from the mother to the father.

2.  Whether the trial court erred in allowing Plaintiff's exhibit TM-1 to be entered into evidence

## LAW AND ARGUMENT

In *A.E.B. v. J.E.B.*, 99-2668, p. 7 (La. 11/30/99), 752 So.2d 756, 760-61 (footnote omitted), the Louisiana Supreme Court summarized the guidelines, burden of proof, and standard of review required in matters involving change of custody when there is a considered custody decree, stating as follows:

> La.Civ.Code art. 131 provides that "[i]n a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child." Comment (d) to article 131 states that the article should be followed in actions to change custody as well as in those to initially set it. Comment (d) further states that the jurisprudential requirements of *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), are applied to actions to change custody rendered in considered decrees. In such actions, the proponent of change must show that a change of circumstances materially affecting the welfare of the child has occurred since the prior order respecting custody. *Bergeron*, 492 So.2d at 1195. The party seeking a change "bears the heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron*, 492 So.2d at 1200. This burden of proof is imposed as a means of implementing the best interest standard in light of the special considerations present in change of custody cases. Last, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse. *Bergeron*, 492 So.2d at 1196.

Considering the foregoing, and the record of these proceedings, we conclude that the trial court properly applied the heightened burden of *Bergeron,* and having done so, proceeded to consider the issue of custody with the best interest of the child in mind. The evidence establishes that Timothy met the heavy burden of proving a

4

change of circumstances and that the continuation of the present custodial arrangement would be so deleterious as to justify a modification of the custody decree. Therefore, for the following reasons, we find that the trial court did not abuse its discretion in designating Timothy as the primary custodial parent of his minor child.

Although Amanda asserts that the trial court failed to properly apply the *Bergeron* standard when considering the modification of custody, the record does not support this contention. The trial court's oral reasons for judgment clearly reflect the court's consideration of the *Bergeron* standard, the court's finding that "there [were] changed circumstances," and the finding of "detriment to the child." The trial court went on to identify and discuss the detriment established by the evidence, which included "the failure of Ms. Stephens to encourage and facilitate the child's right to visit with [his] father and . . . what the court perceive[d] to be a callous disregard for the child's education" in failing to enroll the child in school timely and "in the inordinate amount of absences. . . ." Such behavior, according to the trial court, "shows a lack of responsibility." The trial court also referenced its two previous orders wherein Amanda was found in contempt of court for violation of the trial court's custody and visitation plan.

We conclude that the finding of the trial court is wholly supported by the record. The evidence reveals an apparent unwillingness of Amanda to facilitate communication and visitation between Skyler and his father. The testimony of Timothy and his current wife establish that they, on numerous occasions, called to speak to Amanda and/or the child, but that their calls were unanswered. Timothy and his present wife also testified at length about their futile attempts to implement visitation when Amanda failed to appear at the designated transfer location. Even

5

when she would arrive at the designated location, Amanda was often late without making any attempt to contact Timothy to let him know. This behavior by Amanda resulted in Timothy being forced to file several rules for contempt in an effort to see his child. In fact, the trial court had previously found Amanda to be in contempt of court on two occasions for her refusal to honor court-ordered visitation.

We agree with the trial court that there is no reason why Timothy "would be filing all these rules if he didn't want to go up there and pick his child up as Ms. Stephens indicates." To the contrary, despite Amanda's repeated efforts to thwart visitation, Timothy continuously tried to exercise visitation with Skyler and was forced to seek judicial relief from 2000 to present.

This court is also in agreement with the trial court's concern regarding the education of the child. There was ample evidence in the record to demonstrate that Amanda was clearly not acting in the child's best interests in that regard. Amanda failed to enroll Skyler in school for kindergarten until several weeks after the school year began in 2004. Additionally, once enrolled, the child missed an alarming amount of school (at least thirty absences), which seemed to be of little or no concern to Amanda. Moreover, Amanda failed to present any evidence to the school, or to the court, as to why these absences should be "excused."

We note that Amanda raises the issue on appeal that the trial court erred in allowing the introduction of Skyler's school attendance record. However, we find that there is sufficient evidence in the record to establish that Skyler had excessive, unexcused absences from school. By her own testimony in the record, Amanda admitted knowledge of the absences and her failure to provide the necessary information to have said absences excused. Even without the school attendance record, these facts were duly proved.

6

Accordingly, we conclude that the trial court did not err or abuse its discretion in finding that it was in the best interest of the minor child to change the primary custodial parent from Amanda to Timothy, with Amanda being afforded reasonable visitation privileges.

**<u>DECREE</u>**

For the reasons set forth above, we affirm the judgment of the trial court designating Timothy L. Merriman as the primary custodial parent of Timothy Skyler Merriman, subject to the specified visitation of Amanda Jeannine Stephens Merriman.

Costs of this appeal are assessed against the Plaintiff, Amanda Jeannine Stephens Merriman.

**AFFIRMED.**